## INGERSOLL v. INGERSOLL.

On motion to strike out averments in a complaint as immaterial and imper
tinent,
*Held,* That the true test of the immateriality of the averments sought to
be struck out, is to inquire whether such averments tend to constitute a
cause of action, and, if they do, they will not be struck out.

THE complaint in this action was filed by the husband against the wife, to obtain a divorce on the ground of adul-

tery; it contained averments of various acts of the defendant, which tended to show her guilt.

The defendant moved to strike out from the complaint all such averments confining the complaint to the simple allegation, that on a certain day, and with a certain person, the defendant committed adultery.

*A. H. Wallis*, for defendant, insisted that under section 120 of the Code, the complaint should contain only a statement of the facts constituting the cause of action, and not the evidence of that fact.

*H. S. Mackay, contra*, cited *Casey* v. *Casey* (2 Barb. S. C. R. 59).

*Edmonds, J.:* Under the former practice, the bill of complaint might properly state any matter of evidence or collateral fact, the admission of which might be material in establishing the general allegations of the bill as a pleading, or in ascertaining, or determining the nature, extent, or kind of relief to which the plaintiff might be entitled, or which might legally influence the court in determining the question of costs. That was proper, not only where the plaintiff sought to make a witness of the defendant, by requiring an answer under oath, but also where an answer under oath was waived.

In the latter case, the averments in the bill in no event become evidence for the plaintiff, but now, whatever is averred in the complaint material to the cause of action, not specifically controverted by the answer, shall be taken as true, and the complaint must contain a statement of the facts constituting the cause of action.

The true test, then, on such a motion as this, is, would the facts sought to be stricken out tend to constitute a cause of action? and would they, if taken to be true, be material to the cause of action? If these questions must be answered

in the affirmative, the averments ought not to be stricken out as immaterial and impertinent.

The averments sought to be stricken out in this cause are to this effect, that the defendant has broken her matrimonial vows and obligations; that she has committed adultery with divers men, to the plaintiff unknown; that she has availed herself of opportunities during his absence to keep the society of men, at late and unusual hours of the night, with whom she has committed adultery; that she was in the habit of leaving her boarding-house privately at late hours of the night, and remaining out all night; that during his absence she was in the habit of receiving the visits of men in her chamber at late hours of the night, and the like.

All these averments, if not specifically controverted by the defendant, are to be taken as true for the purposes of this action, and, if true, are certainly material for the purpose of making out the plaintiff's cause of action. This motion must, therefore, be denied.